UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MATSUMOTO, J.

GO, M.J.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DEONICIO McKAY and BENJI WEBB,

Plaintiffs,

**CV 12-4801**

-against-

**COMPLAINT**

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND
KELLY OF THE NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER STEVEN RICCA (A Member of the New York
City Police Department, Shield No. 30831, assigned to the 105th Precinct
on November 2, 2009), POLICE OFFICER "JOHN" WAHL (Actual First
Name Unknown, A Member of the New York City Police Department,
Assigned to the 105th Precinct on November 2, 2009, who was engaged
in the arrest of the Plaintiffs on November 2, 2009), POLICE OFFICER
"JOHN" RIVERA (Actual First Name Unknown, A Member of the New
York City Police Department, Assigned to the 105th Precinct on November
2, 2009, who was engaged in the arrest of the Plaintiffs on November 2, 2009),
POLICE OFFICER "JOHN" SERRANO (Actual First Name Unknown,
A Member of the New York City Police Department, Assigned to the 105th
Precinct on November 2, 2009, who was engaged in the arrest of the
Plaintiffs on November 2, 2009), POLICE OFFICER "JOHN" BURK
(Actual First Name Unknown, A Member of the New York City Police
Department, Assigned to the 105th Precinct on November 2, 2009 who
was engaged in the arrest of the Plaintiffs on November 2, 2009) and 'JOHN
DOES" Nos. "1" to "10" (Actual Names Unknown, intended to be the
Police Officers Assigned to the 105th Precinct on November 2, 2009
who were engaged in the arrest of the Plaintiffs on November 2, 2009),

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

  Plaintiffs by their attorney, MATTHEW A. KAUFMAN, ESQ., do state and say for their
Complaint, as follows:

JURISDICTION

1.  The jurisdiction of this Court is invoked by Plaintiffs pursuant to Title 28 of the
   United States Code, Sections 1331, 1343(3) & (4) and 1367.

2.  Venue is properly laid in the Eastern District of New York under 28 U.S.C.
   §1391(b), in that the claim arose in this District.

## JURY DEMAND

3.     Plaintiffs demand a trial by jury on all issues pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38.

## NATURE OF PROCEEDINGS

4.     This is a proceeding for compensatory and punitive damages owing to the Plaintiffs as a result of violations of their Civil Rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal law,  particularly Title 42 of the United States Code, Section 1983.

## PARTIES

5.     The Plaintiff, Deonicio McKay, is a resident of the County of Queens, County, City and State of New York.

6.     At all times material hereto, the Plaintiff Deonicio McKay was a student at Martin Van Buren High School at 230-17 Hillside Avenue, Queens, New York.

7.     The Plaintiff, Benji Webb is a resident of the County of Queens, County, City and State of New York.

8.     A)     Defendant City of New York [hereinafter referred to as "City"] is a Municipal Corporation, duly formed and created pursuant to the laws and statutes of the State of New York.

       B)     At all times material hereto, Defendant City, by its agents, servants and employees, as well as by the New York City Police Department [hereinafter "NYPD"] was responsible for the training and instruction of individuals employed by the NYPD.

       C)     Defendant Police Commissioner Raymond Kelly is the Commissioner of the NYPD.

       D)     Defendant Police Commissioner Raymond Kelly is and was at all times responsible for the policies, practices and/or customs of the NYPD, a municipal agency of Defendant CITY. He is and was at all times relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the NYPD, including the Defendants named herein. He is sued in his individual and official capacity.

E)   On January 29, 2010, the Plaintiff, Deonicio McKay served a Notice of Claim upon Defendants in full compliance with Section 50-e of the General Municipal Law, **Exhibit "A"**;

F)   On August 11, 2010, the Plaintiff, Deonicio McKay served an Amended Notice of Claim concerning new claims upon Defendants in compliance with Section 50-e of the General Municipal Law, **Exhibit "B"**;

G)   On January 29, 2010, the Plaintiff, Benji Webb served a Notice of Claim upon Defendants in full compliance with Section 50-e of the General Municipal Law, **Exhibit "C"**;

9.   Defendant Police Officer Steven Ricca  at all times material hereto, is a Police Officer in the employ of Defendant NYPD and assigned shield number 30831 and assigned to the 105th precinct [hereinafter referred to as "Ricca"].

10.  Defendant Police Officer "JOHN" WAHL (Actual First Name Unknown) was a member of Defendant NYPD and assigned to the 105th Precinct on November 2, 2009, who was engaged in the arrest of the Plaintiffs on November 2, 2009.

11.  Defendant "JOHN" RIVERA (Actual First Name Unknown) was a member of the NYPD and assigned to the 105th Precinct on November 2, 2009, who was engaged in the arrest of the Plaintiffs on November 2, 2009.

12.  Defendant "JOHN" SERRANO (Actual First Name Unknown) was a member of the NYPD and assigned to the 105th Precinct on November 2, 2009, who was engaged in the arrest of the Plaintiffs on November 2, 2009.

13.  Defendant "JOHN" BURK (Actual First Name Unknown) was a member of the NYPD and assigned to the 105th Precinct on November 2, 2009, who was engaged in the arrest of the Plaintiffs on November 2, 2009.

14.  Defendants "JOHN DOE" Nos. "1" to "10" (Actual Names Unknown) were members of the NYPD and, upon information and belief, assigned to the 105th Precinct on November 2, 2009, who were engaged in the arrest of the Plaintiffs on November 2, 2009.

15.  Defendants CITY and Police Commissioner Raymond Kelly are responsible, *inter alia,* for the management, administration, conduct and supervision of all personnel employed by the NYPD to protect the safety of the public and the property of the public.

16.     Defendants CITY and/or Police Commissioner Raymond Kelly was/were obligated to provide rules, regulations and training concerning Constitutional rulings and determinations concerning excessive force and treatment of persons arrested by members of the NYPD.

17.     Each and every act of defendants alleged herein were done by defendants, and each of them as individuals, or through their employees, servants and/or agents, under color and authority of the laws, statutes, ordinances, customs and usages of the State of New York and United States of America, and under their offices with the State of New York.

18.     Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment by Defendants CITY and/or Police Commissioner Raymond Kelly.

19.     Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant CITY and/or Police Commissioner Raymond Kelly.

20.     Hereinafter, Defendants Ricca, Wahl, Rivera, Serrano and Burk and "John Does Nos. "1" through "10" may be collectively referred to as the "Defendant Police Officers."

## BACKGROUND

21.     At all times material hereto, the Plaintiff, Deonica McKay resided at 88-33 Vanderveer Street, Queens, New York.

22.     At all times material hereto, the Plaintiff, Benji Webb resided at 88-24 Merrick Boulevard, Queens, New York.

23.     At all times material hereto, at and about 5:00 to 5:25 p.m. on November 2, 2009, Defendant Police Officers Ricca, Wahl, Rivera, Serrano and Burk were Police Officers employed by Defendant CITY and NYPD and on duty in RMP's.

24.     On November 2, 2009, at approximately 5:00 to 5:25 p.m., the Plaintiff, Benji Webb, was operating a 2005 Nissan Maxima passenger motor vehicle [hereinafter referred to as the "Nissan Maxima"] on the streets of the County of Queens, City and State of New York.

25.     On November 2, 2009, at approximately 5:00 to 5:25 p.m., the Plaintiff, Deonicio McKay was a passenger in the "Nissan Maxima" operated by the Plaintiff, Benji Webb on the streets of the County of Queens, City and State of New York.

26.    On November 2, 2009, at approximately 5:00 to 5:25 p.m., Defendant Police Officers engaged in directed the Plaintiff Benji Webb to pull the "Nissan Maxima: car over. The Plaintiff Benji Webb thereafter pulled the "Nissan Maxima" over and stopped near Martin Van Buren High School at 230-17 Hillside Avenue, Queens, New York.

27.    After the Plaintiff Benji Webb stopped the "Nissan Maxima", the Defendant Police Officers, and specifically and including Defendant Ricca and his partner, approached the "Nissan Maxima" and Plaintiffs with their guns drawn pointing at the Plaintiffs.

28.    The Defendant Police Officers, and particularly Defendant Ricca and his partner, physically and violently pulled the Plaintiffs from the "Nissan Maxima", striking and battering the Plaintiffs causing them to sustain grievous and serious, permanent physical and emotional injuries.

29.    The Defendant Police Officers, and particularly Defendant Ricca and his partner, physically and violently pulled and dragged the Plaintiffs, as a result of which:

A)    The Plaintiff, Deonicio McKay's shirt was torn and stripped away from his body, and the Defendant Police Officers pulled his pants and clothing down as a form of strip search [hereinafter referred to as the "Strip Search"].

B)    The "Strip Search" of the Plaintiff, Deonicio McKay was conducted in public, in front of a number of his fellow students who attend Martin Van Buren High School, causing him extreme emotional embarrassment.

C)    The Plaintiff, Benji Webb, was struck and beaten around his body by the Defendant Police Officers, including Defendant Ricca, causing him to sustain severe personal injuries

D)    As a result of the aforementioned conduct by the Defendant Police Officers, the Plaintiff, Benji Webb was severely injured, requiring medical treatment at Queens Hospital Center in Queens, New York.

30.    In connection with the individual Defendants' unlawful conduct, the Defendants filled-out false police reports and forwarded these false reports to prosecutors in the Criminal Court of the City of New York, Queens County and the Queens County District Attorney's Office.

31.    On November 2, 2009, Defendant Ricca signed a Complaint for the Criminal Court of the City of New York, County of Queens against the Plaintiff Deonicio

McKay [hereinafter referred to as the "McKAY COMPLAINT"]. A true copy of the McKAY COMPLAINT is annexed hereto as **Exhibit "D"**.

32.    Defendant Ricca charged the Plaintiff Deonicio McKay in the McKAY COMPLAINT with Disorderly Conduct in violation New York Penal Law § 2402.20 (2).

33.    The McKAY COMPLAINT was assigned docket number 2009SQ105188 by the Criminal Court of the City of New York for the County of Queens.

34.    As a result of the foregoing McKAY COMPLAINT, the Plaintiff, Deonicio McKay was required to retain counsel to defend himself from the criminal charges made against him by the individual Defendant Police Officers.

35.    As a result of the foregoing McKAY COMPLAINT, the Plaintiff, Deonicio McKay was required to appear on numerous occasions in the Criminal Court of the City of New York for the County of Queens.

36.    As a result of the foregoing McKAY COMPLAINT, the Plaintiff, Deonicio McKay was required to defend himself before the Criminal Court of the City of New York for the County of Queens.

37.    That neither reasonable nor probable cause existed for the individual Defendant Police Officers to arrest the Plaintiff Deonicio McKay.

38.    That neither reasonable nor probable cause existed for the individual Defendant Police Officers to use any force against the Plaintiff, Deonicio McKay and to justify the unlawful, improper public strip search of his person in front of his classmates at Martin Van Buren High School.

39.    The individual Defendant Police Officers made statements and allegations against the Plaintiff with actual malice and utter disregard for the truth and the Plaintiff, Deonicio McKay's rights under the Constitutions and laws of the United States and of the State of New York.

40.    The individual Defendant Police Officers made false and untruthful statements and allegations against the Plaintiff, Deonicio McKay because they did not have probable or reasonable cause to believe the Plaintiff , Deonicio McKay guilty of the crimes he was charged.

41.    The individual Defendant Police Officers conduct included, but not limited to the commission and subornation of perjury, to conceal from the Plaintiff, Deonicio McKay and his counsel and from the Trial Court, the fact that the Defendant

-6-

Police Officers had falsely accused the Plaintiff, Deonicio McKay of the crimes he was charged.

42. On December 30, 2009, the Plaintiff Deonicio McKay appeared before a Judge of the Criminal Court of the City of New York, Queens County, and was adjourned.

43. On February 25, 2010, a trial was held before the Criminal Court of the City of New York, Queens County against the Plaintiff, Deonicio McKay, at which time a mistrial was declared by the Judge, Hon. Cesar Quinons, J.H.O.

44. On August 10, 2010, the charges against the Plaintiff, Deonicio McKay were dismissed by the Criminal Court of the City of New York, Queens County by the Hon. Lenora Gerald, J.

45. On November 2, 2009, Defendant Ricca signed a Complaint for the Criminal Court of the City of New York, County of Queens against the Plaintiff Benji Webb [hereinafter referred to as the "WEBB COMPLAINT"]. A true copy of the WEBB COMPLAINT is annexed hereto as **Exhibit "E"**.

46. Defendant Ricca charged the Plaintiff Benji Webb in the WEBB COMPLAINT with Reckless Driving in violation New York Vehicle & Traffic Law § 1212.

47. As a result of the foregoing WEBB COMPLAINT, the Plaintiff, Benji Webb was required to retain counsel to defend himself from the criminal charges made against him by the individual Defendant Police Officers.

48. As a result of the foregoing WEBB COMPLAINT, the Plaintiff, Benji Webb was required to appear on numerous occasions in the Criminal Court of the City of New York for the County of Queens.

49. As a result of the foregoing WEBB COMPLAINT, the Plaintiff, Benji Webb was required to defend himself before the Criminal Court of the City of New York for the County of Queens.

50. That neither reasonable nor probable cause existed for the individual Defendant Police Officers to arrest the Plaintiff Benji Webb.

51. That neither reasonable nor probable cause existed for the individual Defendant Police Officers to use any force against the Plaintiff, Benji Webb.

52. The individual Defendant Police Officers made statements and allegations against the Plaintiff, Benji Webb with actual malice and utter disregard for the truth and the Plaintiff, Benji Webb's rights under the Constitutions and laws of the United States and of the State of New York.

53.   The individual Defendant Police Officers made false and untruthful statements and allegations against the Plaintiff, Benji Webb because they did not have probable or reasonable cause to believe the Plaintiff, Benji Webb guilty of the crimes he was charged, and particularly to justify the excessive force they used against this Plaintiff.

54.   The individual Defendant Police Officers conduct included, but not limited to the commission and subornation of perjury, to conceal from the Plaintiff, Benji Webb and his counsel and from the Trial Court, the fact that the Defendant Police Officers had falsely accused the Plaintiff, Benji Webb of the crimes he was charged.

55.   On December 30, 2009, the Plaintiff, Benji Webb appeared before a Judge of the Criminal Court of the City of New York for the County of Queens, and his case was Adjourned in Contemplation of Dismissal, Hon. Cesar Quinons, J.H.O.

56.   In 2010, the charges were dismissed against the Plaintiff Benji Webb in the WEBB COMPLAINT were dismissed pursuant to Article 170 of the New York Criminal Procedure Law.

57.   At all times material herein, the Plaintiffs did maintain their innocence of the charges against them, and particularly asserted the force used by the Defendant Police Officers was excessive and unnecessary.

58.   Upon information and belief, the individual Defendants Police Officers' conduct against the Plaintiff was a mere pretext to provide color to their conduct, including the arrest and use of physical force against the Plaintiffs herein.

59.   The Plaintiff, Deonicio McKay sustained emotional and physical injury as a direct result of the aforementioned conduct by the defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

60.   The Plaintiff, Benji Webb sustained emotional and physical injury as a direct result of the aforementioned conduct by the defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

61.   Defendants CITY and Police Commissioner Raymond Kelly, as the Defendants responsible for the policies, practices and/or customs of the NYPD, have acted with deliberate indifference to the Constitutional rights of those who would come into contact with the NYPD, and particularly Police Officers, such as the Defendant Police Officers in this case by failing to:

A)     Properly train, screen and supervise;

B)     Inadequately monitor NYPD Officers in handling warrantless searches, and particularly conducting strip searches of arrestees in public;

C)     The obligation and manner to provide truthful information in police reports as well as to act truthfully and honestly with the general public and not to threaten bodily harm;

D)     The use of threatening deadly force against civilians without reasonable or probable cause;

E)     Failing to sufficiently discipline NYPD officers who engage in constitutional abuses; and,

F)     Encouraging, sanctioning and failing to rectify the NYPD unconstitutional abuses.

62.     As a direct and proximate result of Defendants CITY and Police Commissioner Raymond Kelly's policies, practices and/or customs, the Plaintiffs herein were improperly and wrongfully subjected to the threat of deadly force and in fact, were subjected to unnecessary and unreasonable force and a public "strip search" where neither reasonable nor probable cause existed for the Defendant Police Officers' conduct towards the Plaintiffs herein.

63.     The Defendant Police Officers used excessive force against the Plaintiffs without justification or cause.

64.     Upon information and belief, these acts were especially committed against the Plaintiffs due to his national origin.

65.     The Plaintiff, Deonicio McKay sustained emotional and physical injury as a direct result of the aforementioned conduct by the Defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

66.     The Plaintiff, Deonicio McKay sustained emotional and physical injury as a direct result of the aforementioned conduct by the Defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

### PLAINTIFF DEONICIO McKAY'S FIRST CLAIM FOR RELIEF
**(Violation of Civil Rights, 42 USC § 1983)**

67.     Plaintiff, Deonicio McKay repeats and realleges each and every allegation in paragraphs "1" to "66" with the same force and effect as if herein more fully set forth.

68.     All of the above Defendant Police Officers, by their foregoing acts, intentionally and willfully acted jointly and severally under color of law, statute, ordinance, regulations, customs and practice of the State of New York, to deprive the

Plaintiff, Deonicio McKay's rights, privileges and immunities secured to him by the Constitutions and laws of the United States and New York.

69.   All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

70.   All of the aforementioned acts deprived the Plaintiff, Deonicio McKay of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

71.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

72.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

73.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74.   The acts complained of deprived the Plaintiff, Deonicio McKay of his rights:

   A)   Not to have excessive force imposed upon him;
   B)   Not to have summary punishment imposed upon him;
   C)   Improper use of search and seizure;
   D)   Improperly conducting a public strip search of this Plaintiff;
   E)   Not to be charged with false and inaccurate charges;
   F)   To receive equal protection under the law.

75.   The foregoing violations of the Plaintiff, Deonicio McKay's Constitutional rights were undertaken under color of law, statutes, regulations and Constitution.

76.   As a result of the foregoing conduct by Defendants herein, the Plaintiff, Deonicio McKay has been damaged in an amount to be determined by this Court, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

### PLAINTIFF DEONICIO McKAY'S SECOND CLAIM FOR RELIEF
**(Excessive Force)**

77.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66" and "68" to "76" with the same force and effect as if herein more fully set forth.

78.     The level of force employed by the Defendants was objectively unreasonable and in violation of the Plaintiff, Deonicio McKay's Constitutional rights.

79.     As a result of the foregoing, the Plaintiff, Deonicio McKay suffered significant bodily injuries, as well as a deprivation of liberty, invasion of privacy, severe emotional distress, public humiliation and violation of his constitutional rights.

80.     As a result of the foregoing conduct by Defendants herein, the Plaintiff Deonicio McKay has been damaged in an amount to be determined by this Court, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

### PLAINTIFF DEONICIO McKAY'S THIRD CLAIM FOR RELIEF
**(False Arrest)**

81.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76" and "78" to "80" with the same force and effect as if herein more fully set forth.

82.     As a result of Defendants' aforementioned conduct, the Plaintiff, Deonicio McKay was subjected to an illegal, improper and false arrest by the individual Defendant Police Officers and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

83.     As a result of the foregoing, the Plaintiff, Deonicio McKay sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

### PLAINTIFF DEONICIO McKAY'S FOURTH CLAIM FOR RELIEF
**(Unlawful Search)**

84.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80" and "82" to "83" with the same force and effect as if herein more fully set forth.

85.     As a result of the foregoing, the Plaintiff, Deonicio McKay was subjected to an illegal and improper search.

-11-

86.     That the aforementioned search constituted a strip search in front of members of the public, many of whom were known to this Plaintiff.

87.     The foregoing unlawful search violated the Plaintiff, Deonicio McKay's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Article I, Section 6 of the New York Constitution.

88.     As a result of the foregoing, the Plaintiff, Deonicio McKay sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFF DEONICIO McKAY'S FIFTH CLAIM FOR RELIEF
### (Constitutional Malicious Prosecution)

89.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83" and "85" to "88" with the same force and effect as if herein more fully set forth.

90.     The individual Defendant Police Officers misrepresented and falsified evidence before the District Attorney.

91.     The individual Defendant Police Officers did not make a complete and full statement of facts to the District Attorney.

92.     The individual Defendant Police Officers withheld exculpatory evidence from the District Attorney.

93.     The individual Defendant Police Officers were directly and actively involved in the initiation of criminal proceedings against the Plaintiff, Deonicio McKay.

94.     The individual Defendant Police Officers lacked probable cause to initiate criminal proceedings against the Plaintiff, Deonicio McKay.

95.     The individual Defendant Police Officers acted with  malice in initiating criminal proceedings against the Plaintiff, Deonicio McKay.

96.     The individual Defendant Police Officers were directly and actively involved in the continuation of criminal proceedings against the Plaintiff, Deonicio McKay.

97.     The individual Defendant Police Officers lacked probable cause to continue criminal proceedings against the Plaintiff, Deonicio McKay.

98. The individual Defendant Police Officers acted with  malice in continuing criminal proceedings against the Plaintiff, Deonicio McKay.

99. The individual Defendant Police Officers misrepresented and falsified evidence throughout all phases of the criminal proceedings.

100. Notwithstanding Defendants' perjurious and fraudulent conduct, the criminal proceedings were terminated in Mr. McKay on August 10, 2010 when the charges against him were dismissed.

101. As a result of the foregoing, the Plaintiff, Deonicio McKay sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFF DEONICIO McKAY'S SIXTH CLAIM FOR RELIEF
### (Constitutional Abuse of Process)

102. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83","85" to "88" and "90" to "101" with the same force and effect as if herein more fully set forth.

103. The individual Defendant Police Officers issued legal process to place the Plaintiff, Deonicio McKay under arrest.

104. The individual Defendant Police Officers arrested the Plaintiff, Deonicio McKay , in order to obtain a collateral objective outside the legitimate ends of the legal process.

105. The individual Defendant Police Officers acted with intent to do harm to the Plaintiff, Deonicio McKay, without excuse or justification.

106. As a result of the foregoing, the Plaintiff, Deonicio McKay sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFF BENJI WEBB'S FIRST CLAIM FOR RELIEF
### (Violation of Civil Rights, 42 USC § 1983)

107. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83","85" to "88", "90" to "101" and "103" to "106" with the same force and effect as if herein more fully set forth.

108.   All of the above Defendant Police Officers, by their foregoing acts, intentionally and willfully acted jointly and severally under color of law, statute, ordinance, regulations, customs and practice of the State of New York, to deprive the Plaintiff, Benji Webb's rights, privileges and immunities secured to him by the Constitutions and laws of the United States and New York.

109.   All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

110.   All of the aforementioned acts deprived the Plaintiff, Benji Webb of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

111.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

112.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department,  all under the supervision of ranking officers of said department.

113.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

114.   The acts complained of deprived the Plaintiff, Benji Webb of his rights:

   A)   Not to have excessive force imposed upon him;
   B)   Not to have summary punishment imposed upon him;
   C)   Improper use of search and seizure;
   D)   Improperly conducting a public strip search of this Plaintiff;
   E)   Not to be charged with false and inaccurate charges;
   F)   To receive equal protection under the law.

115.   The foregoing violations of the Plaintiff, Benji Webb's Constitutional rights were undertaken under color of law, statutes, regulations and Constitution.

116.    As a result of the foregoing conduct by Defendants herein, the Plaintiff, Benji Webb has been damaged in an amount to be determined by this Court, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFF BENJI WEBB'S SECOND CLAIM FOR RELIEF
### (Excessive Force)

117.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83","85" to "88" and "90" to "101", "103" to "106", and "108" to "116" with the same force and effect as if herein more fully set forth.

118.    The level of force employed by Defendants was objectively unreasonable and in violation of the Plaintiff, Benji Webb's Constitutional rights.

119.    As a result of the foregoing, the Plaintiff, Benji Webb suffered significant bodily injuries, as well as a deprivation of liberty, invasion of privacy, severe emotional distress, public humiliation and violation of his constitutional rights.

120.    As a result of the foregoing conduct by Defendants herein, the Plaintiff Benji Webb has been damaged in an amount to be determined by this Court, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFF BENJI WEBB'S THIRD CLAIM FOR RELIEF
### (False Arrest)

121.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83","85" to "88" and "90" to "101", "103" to "106","108" to "116" and "118" to "120" with the same force and effect as if herein more fully set forth.

122.    As a result of Defendants' aforementioned conduct, the Plaintiff, Benji Webb was subjected to an illegal, improper and false arrest by the individual Defendant Police Officers and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

123.    As a result of the foregoing, the Plaintiff, Benji Webb sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFF DEONICIO McKAY'S FOURTH CLAIM FOR RELIEF
### (Unlawful Search)

124.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83","85" to "88" and "90" to "101", "103" to "106","108" to "116","118" to "120" and "122" to "123" with the same force and effect as if herein more fully set forth.

125.    As a result of the foregoing, the Plaintiff, Benji Webb was subjected to an illegal and improper search.

126.    The foregoing unlawful search violated the Plaintiff, Benji Webb's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Article I, Section 6 of the New York Constitution.

127.    As a result of the foregoing, the Plaintiff, Benji Webb sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFF BENJI WEBB 'S FIFTH CLAIM FOR RELIEF
### (Constitutional Malicious Prosecution)

128.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83","85" to "88" and "90" to "101", "103" to "106","108" to "116","118" to "120","122" to "123" and "125" to "127" with the same force and effect as if herein more fully set forth.

129.    The individual Defendant Police Officers misrepresented and falsified evidence before the District Attorney.

130.    The individual Defendant Police Officers did not make a complete and full statement of facts to the District Attorney.

131.    The individual Defendant Police Officers withheld exculpatory evidence from the District Attorney.

132.    The individual Defendant Police Officers were directly and actively involved in the initiation of proceedings against the Plaintiff, Benji Webb.

133.    The individual Defendant Police Officers lacked probable cause to initiate proceedings against the Plaintiff, Benji Webb.

134. The individual Defendant Police Officers acted with malice in initiating proceedings against the Plaintiff, Benji Webb.

135. The individual Defendant Police Officers were directly and actively involved in the continuation of criminal proceedings against the Plaintiff, Benji Webb.

136. The individual Defendant Police Officers lacked probable cause to continue criminal proceedings against the Plaintiff, Benji Webb.

137. The individual Defendant Police Officers acted with malice in continuing criminal proceedings against the Plaintiff, Benji Webb so as to justify thee use of excessive force against the Plaintiff, Benji Webb.

138. The individual Defendant Police Officers misrepresented and falsified evidence throughout all phases of the proceedings.

139. As a result of the foregoing, the Plaintiff, Benji Webb sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFF BENJI WEBB'S SIXTH CLAIM FOR RELIEF
### (Constitutional Abuse of Process)

140. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83", "85" to "88" and "90" to "101", "103" to "106", "108" to "116", "118" to "120", "122" to "123", "125" to "127" and "129" to "139" with the same force and effect as if herein more fully set forth.

141. The individual Defendant Police Officers issued legal process to place the Plaintiff, Benji Webb under arrest.

142. The individual Defendant Police Officers arrested the Plaintiff, Benji Webb in order to obtain a collateral objective outside the legitimate ends of the legal process.

143. The individual Defendant Police Officers acted with intent to do harm to the Plaintiff, Benji Webb, without excuse or justification.

144. As a result of the foregoing, the Plaintiff, Benji Webb sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial.

145.   As a result of the foregoing, the Plaintiff, Benji Webb sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## PLAINTIFFS DEONICIO McKAY'S & BENJI WEBB'S SEVENTH CLAIM FOR RELIEF
### (Monell Claim)

146.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "66", "68" to "76", "78" to "80", "82" to "83","85" to "88" and "90" to "101", "103" to "106","108" to "116","118" to "120","122" to "123","125" to "127", "129" to "139" and "141" to "145" with the same force and effect as if herein more fully set forth.

147.   The Fourth Amendment, as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, prohibits police officers from using excessive force in the course of policing activities, as well as conducting public "strip searches" of civilians.

148.   Notwithstanding the foregoing, the police officers of the NYPD, including the Defendant Police Officers herein, have engaged in pervasive unconstitutional practices in violation of the Constitutional rights of civilians, including the Plaintiffs herein, as a direct result of policies, practices and/or customs devised, implemented, enforced and sanctioned by the Defendant CITY and/or Police Commissioner Raymond Kelly and their confederates whose identities are presently unknown, with the knowledge that such polices, practices and/or customs would lead to violations of the Fourth and Fourteenth Amendments. Those policies, practices and/or customs include:

A)   Failing to properly screen, train and supervise NYPD officers;

B)   Failing to adequately monitor and discipline NYPD officers;

C)   Encouraging, sanctioning and failing to rectify the NYPD's custom and practice of excessive force and public "strip searches";

D)   Failing to devices and implement appropriate oversight, disciplinary and remedial measures to prevent such conduct; and

E)   Failing to take sufficient corrective, disciplinary and remedial action to combat the so-called "blue wall of silence" wherein NYPD officers regularly conceal or fail to report police misconduct, *inter alia*, in sworn testimony, official reports, etc.

149.    As a direct and proximate result of the above polices, practices and/or customs, the Plaintiffs, as well as other civilians, have been subjected to unconstitutional excessive force as well as public "strip searches" by NYPD Officers. Through such acts and omissions, Defendants CITY and/or Police Commissioner Raymond Kelly have acted recklessly and with deliberate indifference to the Constitutional rights of individuals who would come into contact with the NYPD.

150.    As a result of the foregoing, the Plaintiffs, Deonicio McKay and Benji Webb sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and has been damaged in an amount to be determined at trial, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment as follows:

A)    ONE MILLION ($1,000,000.00) DOLLARS on the Plaintiff Deonicio McKay's First, Second, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief as compensatory damages as against the Defendants jointly and severally;

B)    ONE MILLION ($1,000,000.00) DOLLARS on the Plaintiff Benji Webb's First, Second, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief as compensatory damages as against the Defendants jointly and severally;

C)    ONE MILLION ($1,000,000.00) DOLLARS on the First, Second, Third, Fourth, Fifth and Sixth Claims for Relief as punitive damages as against the Defendant Police Officers jointly and severally on behalf of the Plaintiff, Deonicio McKay;

D)    ONE MILLION ($1,000,000.00) DOLLARS on the Plaintiff Benji Webb's First, Second, Third, Fourth, Fifth and Sixth Claims for Relief as punitive damages as against the Defendants jointly and severally;

E)    Reasonable attorneys fees pursuant to 42 U.S.C. § 1988 in an amount to be determined by this Court;

as well as costs, fees disbursements.

Dated: New York, N.Y.
       September 24, 2012

Yours, etc.,
MATTHEW A. KAUFMAN

By: Matthew A. Kaufman - (MK 0598)
Attorney for Plaintiffs
225 Broadway- Suite 1606
New York, N.Y. 10007
Tel. No. (212) 619-2200
MAK File No.     15,207.305

# EXHIBIT "A"

THE CITY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**In the Matter of the Claim of**
DEONICIO McKAY,

Claimant,

**VERIFIED NOTICE**
**OF CLAIM**

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
STEVEN RICCA (A Member of the New York City
Police Department), JOHN DOES Nos. "1" to "10"
(Actual Names Unknown, intended to be the Police
Officers Assigned to the 105th Precinct on November 2,
2009 Who Were Engaged in the Arrest of the Claimant),

Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO:**   **THE COMPTROLLER OF THE CITY OF NEW YORK, THE NEW YORK CITY**
**POLICE DEPARTMENT, POLICE OFFICER STEVEN RICCA (A Member of the**
**New York City Police Department) and POLICE OFFICERS JOHN DOES Nos.**
**"1" to "10":**

**PLEASE TAKE NOTICE,**

   **THAT,** the undersigned Claimant, DEONICIO McKAY hereby makes claim against:

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER STEVEN RICCA (A Member of the New York City Police
Department) and POLICE OFFICERS JOHN DOES Nos. "1" to "10" (Actual Names
Unknown, intended to be the Police Officers Assigned to the 105th Precinct on November
2, 2009 Who Were Engaged in the Arrest of the Claimant)

1.   **Name and post-office address of the claimants and their attorneys are as follows:**

   DEONICIO McKAY
   88-33 Vanderveer Street
   Queens, New York

2.   **Nature of the Claim:**

   Claim for emotional and personal injuries sustained by the Claimant, DEONICIO
   McKAY arising on November 2, 2009 at approximately 5:25 p.m. as a result of

Respondents wrongful conduct, through their agents, servants and employees. Said conduct includes the wrongful arrest, seizure, assault, battery and excessive force used by the Respondent Police Officers while in the employ and service of Respondent City. Said wrongful conduct further includes false arrest, false imprisonment, malicious prosecution, abuse of process, as well as assault and battery.

Respondent City, through its agents, servants and/or employees, then forcibly stopped the Claimant, with guns drawn. After restraining the Claimant, and separating him from his vehicle, the Respondent Police Officers engaged in a full and complete "strip" search of the Claimant in public. That said search of the Claimant was unlawful and without a warrant, as well as without reasonable and probable cause, in violation of his Civil and Constitutional Rights under the 4th and 14th Amendment to the United States Constitution and New York Constitution, Article I, Section 6.

Respondent City employees, agents and/or servants all acted as police officers within the employ of Respondent City under color of law, and in wanton and reckless disregard of the Claimant's Constitutional and Civil rights, including the freedom from unlawful searches and seizures as well as freedom from excessive force, as guaranteed by the Constitution of the State of New York and the United States Constitution. Respondent Officers knew, or should have known that the Claimant was not the perpetrator of any crimes alleged against him, and they conspired to deprive the infant Claimant of his Civil and Constitutional rights in order to cover-up their own improper conduct. Respondents, through their employees, agents and/or servants, in furtherance of their conspiracy to deprive the Claimant of his Civil Rights, agreed and conspired to give false evidence against him, resulting in him being brought to Court and arraigned and falsely charged with crimes which he did not commit and Respondents knew or should have known that he did not commit. That said charges were made in order to cover-up the conduct of the Police Officers' conduct.

Respondents CITY failed to properly train Police Officers John Does Numbers "1" to "10" on proper police procedures, including how to handle warrantless arrests of individuals, conducting of show-ups, the proper use of force during an arrest, the obligation and manner to provide truthful information in police reports.

3. **The time when, the place where and the manner in which the claim arose were as follows:**

The Claim arose November 2, 2009 at approximately 5:25 p.m. while the Claimant was on Hillside Avenue near 230th Street, Queens, New York. Respondent Police Officers arrested, assaulted, battered and used excessive force against the Claimant, DEONICIO McKAY, causing him to sustain grievous and serious, permanent physical and emotional injuries.

4. **The items of damage or injuries claimed are (including dollar amounts):**

The Claimant, Deonicio McKay suffered physical and emotional injuries as a result of Respondents' conduct.

**TOTAL AMOUNT CLAIMED:**

**DEONICIO McKAY**                    **ONE MILLION ($1,000,000.00) DOLLARS**

Dated: Brooklyn, New York
January 26, 2010

Yours, etc.,
MATTHEW A. KAUFMAN, ESQ.

By:      Matthew A. Kaufman
Attorney for Claimant
32 Court Street - Suite 1506
Brooklyn, NY 11201
Tel. No. (718) 222-1919
My File No.   13,207.304

# VERIFICATION

STATE OF NEW YORK     )
                                     : SS.:
COUNTY OF Queens      )

**DEONICIO McKAY**; being duly sworn, depose and say:

I am Claimant herein, I have read the foregoing Notice of Claim and know the contents

thereof; and the same are true to my own knowledge, except as to the matters therein stated to be

alleged upon information and belief, and as to those matters I believe it to be true.

_Deonicio M<sup>c</sup>Kay_
DEONICIO McKAY

Sworn to before me the

26th day of _____, 2010

Notary Public

MATTHEW A. KAUFMAN
Notary Public, State of New York
No. 02KA6723415
Qualified in Kings County
Commission Expires 12/31/2010

# EXHIBIT "B"

THE CITY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**In the Matter of the Claim of**
DEONICIO McKAY, an infant under 18 Years of Age
by his Mother & Natural Guardian, GEORGENA McKAY,

|  |  |
|---|---|
| Claimants, | VERIFIED AMENDED <br> NOTICE OF CLAIM |
| -against- | Claim No.    2010PI007935 |

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
STEVEN RICCA (A Member of the New York City
Police Department), JOHN DOES Nos. "1" to "10"
(Actual Names Unknown, intended to be the Police
Officers Assigned to the 105th Precinct on November 2,
2009 Who Were Engaged in the Arrest of the Claimant),

Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TO:    **THE COMPTROLLER OF THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER STEVEN RICCA (A Member of the
New York City Police Department) and POLICE OFFICERS JOHN DOES Nos.
"1" to "10":**

**PLEASE TAKE NOTICE,**

     **THAT,** the undersigned Infant Claimant, DEONICIO McKAY, by GEORGENA
McKAY, his mother and natural guardian, hereby makes claim against:

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER STEVEN RICCA (A Member of the New York City Police
Department) and POLICE OFFICERS JOHN DOES Nos. "1" to "10" (Actual Names
Unknown, intended to be the Police Officers Assigned to the 105th Precinct on November
2, 2009 Who Were Engaged in the Arrest of the Claimant)

1.    **Name and post-office address of the claimants and their attorneys are as follows:**

| DEONICIO McKAY | GEORGENA McKAY | MATTHEW A. KAUFMAN |
|---|---|---|
| 88-33 Vanderveer Street | 117-32 239th Street | Attorney for Claimants |
| Queens, New York | Queens, New York | 225 Broadway - Suite 1606 |
|  |  | New York, New York 10007 |

2.    **Nature of the Claim:**

Claim for emotional and personal injuries sustained by the Claimant, DEONICIO McKAY arising on November 2, 2009 at approximately 5:25 p.m. as a result of Respondents wrongful conduct, through their agents, servants and employees. Said conduct includes the wrongful arrest, seizure, assault, battery and excessive force used by the Respondent Police Officers while in the employ and service of Respondent City. Said wrongful conduct further includes false arrest, false imprisonment, malicious prosecution, abuse of process, as well as assault and battery.

Respondent City, through its agents, servants and/or employees, then forcibly stopped the Claimant, with guns drawn. After restraining the Claimant, and separating him from his vehicle, the Respondent Police Officers engaged in a full and complete "strip" search of the Claimant in public. That said search of the Claimant was unlawful and without a warrant, as well as without reasonable and probable cause, in violation of his Civil and Constitutional Rights under the 4th and 14th Amendment to the United States Constitution and New York Constitution, Article I, Section 6.

Amended Claim further for abuse of process and malicious prosecution in that the charges against the infant Claimant were completely dismissed by the Criminal Court of the City of New York, Queens County, Part AP-2 on August 10, 2010.

Respondent City employees, agents and/or servants all acted as police officers within the employ of Respondent City under color of law, and in wanton and reckless disregard of the Claimant's Constitutional and Civil rights, including the freedom from unlawful searches and seizures as well as freedom from excessive force, as guaranteed by the Constitution of the State of New York and the United States Constitution. Respondent Officers knew, or should have known that the Claimant was not the perpetrator of any crimes alleged against him, and they conspired to deprive the infant Claimant of his Civil and Constitutional rights in order to cover-up their own improper conduct. Respondents, through their employees, agents and/or servants, in furtherance of their conspiracy to deprive the Claimant of his Civil Rights, agreed and conspired to give false evidence against him, resulting in him being brought to Court and arraigned and falsely charged with crimes which he did not commit and Respondents knew or should have known that he did not commit. That said charges were made in order to cover-up the conduct of the Police Officers' conduct.

Respondents CITY failed to properly train Police Officers John Does Numbers "1" to "10" on proper police procedures, including how to handle warrantless arrests of individuals, conducting of show-ups, the proper use of force during an arrest, the obligation and manner to provide truthful information in police reports.

3.    **The time when, the place where and the manner in which the claim arose were as follows:**

The Claim initially arose November 2, 2009 at approximately 5:25 p.m. while the Claimant was on Hillside Avenue near 230th Street, Queens, New York. Respondent Police Officers arrested, assaulted, battered and used excessive force against the Infant Claimant, DEONICIO McKAY, causing him to sustain grievous and serious, permanent physical and emotional injuries. Further, Respondents presented improper charges against the Infant Claimant in the Criminal Court of the City of New York, Queens County, charging him with Disorderly Conduct. Said charges were completely dismissed by the Court, Part AP-2 on August 10, 2010.

4.    **The items of damage or injuries claimed are (including dollar amounts):**

The Infant Claimant, Deonicio McKay suffered physical and emotional injuries as a result of Respondents' conduct.

**TOTAL AMOUNT CLAIMED:**

        **DEONICIO McKAY**        **ONE MILLION ($1,000,000.00) DOLLARS**

Dated:  Brooklyn, New York
       August 11, 2010

                      Yours, etc.,
                      MATTHEW A. KAUFMAN, ESQ.

                      By:   Matthew A. Kaufman
                      Attorney for Claimant
                      32 Court Street - Suite 1506
                      Brooklyn, NY 11201
                      Tel. No. (718) 222-1919
                      My File No.   13,207.304

# VERIFICATION

STATE OF NEW YORK        )
                         : SS.:
COUNTY OF QUEENS         )

**GEORGENA McKAY**, being duly sworn, depose and say:

I am the Mother and Natural Guardian of the Infant Claimant, **DEONICIO McKAY**

herein; I have read the foregoing Notice of Claim and know the contents thereof; and the same are

true to my own knowledge, except as to the matters therein stated to be alleged upon information

and belief, and as to those matters I believe it to be true.

*G mc Kay*
GEORGENA McKAY

Sworn to before me the

21 day of Sep , 2010

JEAN-JACQUES GRANDOIT
NOTARY PUBLIC, State of New York
Notary Public    No. 4945396
Qualified in Nassau County
Commission Expires Dec. 19  2011

THE CITY OF NEW YORK

-------------------------------------------X

In the Matter of the Claim of
DEONICIO McKAY,

                              Claimant,                              VERIFIED NOTICE
                                                                     OF CLAIM

            -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
STEVEN RICCA (A Member of the New York City
Police Department), JOHN DOES Nos. "1" to "10"
(Actual Names Unknown, intended to be the Police
Officers Assigned to the 105th Precinct on November 2,
2009 Who Were Engaged in the Arrest of the Claimant),

                              Respondents.
-------------------------------------------X

TO:   **THE COMPTROLLER OF THE CITY OF NEW YORK, THE NEW YORK CITY
      POLICE DEPARTMENT, POLICE OFFICER STEVEN RICCA (A Member of the
      New York City Police Department) and POLICE OFFICERS JOHN DOES Nos.
      "1" to "10":**

**PLEASE TAKE NOTICE,**

      **THAT,** the undersigned Claimant, DEONICIO McKAY hereby makes claim against:

      THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
      POLICE OFFICER STEVEN RICCA (A Member of the New York City Police
      Department) and POLICE OFFICERS JOHN DOES Nos. "1" to "10" (Actual Names
      Unknown, intended to be the Police Officers Assigned to the 105th Precinct on November
      2, 2009 Who Were Engaged in the Arrest of the Claimant)

1.    **Name and post-office address of the claimants and their attorneys are as follows:**

      DEONICIO McKAY
      88-33 Vanderveer Street
      Queens, New York

2.    **Nature of the Claim:**

      Claim for emotional and personal injuries sustained by the Claimant, DEONICIO
      McKAY arising on November 2, 2009 at approximately 5:25 p.m. as a result of

Respondents wrongful conduct, through their agents, servants and employees. Said conduct includes the wrongful arrest, seizure, assault, battery and excessive force used by the Respondent Police Officers while in the employ and service of Respondent City. Said wrongful conduct further includes false arrest, false imprisonment, malicious prosecution, abuse of process, as well as assault and battery.

Respondent City, through its agents, servants and/or employees, then forcibly stopped the Claimant, with guns drawn. After restraining the Claimant, and separating him from his vehicle, the Respondent Police Officers engaged in a full and complete "strip" search of the Claimant in public. That said search of the Claimant was unlawful and without a warrant, as well as without reasonable and probable cause, in violation of his Civil and Constitutional Rights under the 4th and 14th Amendment to the United States Constitution and New York Constitution, Article I, Section 6.

Respondent City employees, agents and/or servants all acted as police officers within the employ of Respondent City under color of law, and in wanton and reckless disregard of the Claimant's Constitutional and Civil rights, including the freedom from unlawful searches and seizures as well as freedom from excessive force, as guaranteed by the Constitution of the State of New York and the United States Constitution. Respondent Officers knew, or should have known that the Claimant was not the perpetrator of any crimes alleged against him, and they conspired to deprive the infant Claimant of his Civil and Constitutional rights in order to cover-up their own improper conduct. Respondents, through their employees, agents and/or servants, in furtherance of their conspiracy to deprive the Claimant of his Civil Rights, agreed and conspired to give false evidence against him, resulting in him being brought to Court and arraigned and falsely charged with crimes which he did not commit and Respondents knew or should have known that he did not commit. That said charges were made in order to cover-up the conduct of the Police Officers' conduct.

Respondents CITY failed to properly train Police Officers John Does Numbers "1" to "10" on proper police procedures, including how to handle warrantless arrests of individuals, conducting of show-ups, the proper use of force during an arrest, the obligation and manner to provide truthful information in police reports.

3.    **The time when, the place where and the manner in which the claim arose were as follows:**

The Claim arose November 2, 2009 at approximately 5:25 p.m. while the Claimant was on Hillside Avenue near 230th Street, Queens, New York. Respondent Police Officers arrested, assaulted, battered and used excessive force against the Claimant, DEONICIO McKAY, causing him to sustain grievous and serious, permanent physical and emotional injuries.

4.    **The items of damage or injuries claimed are (including dollar amounts):**

The Claimant, Deonicio McKay suffered physical and emotional injuries as a result of Respondents' conduct.

**TOTAL AMOUNT CLAIMED:**

      **DEONICIO McKAY**          **ONE MILLION ($1,000,000.00) DOLLARS**

Dated: Brooklyn, New York
       January 26, 2010

                      Yours, etc.,
                      MATTHEW A. KAUFMAN, ESQ.

                      By:     Matthew A. Kaufman
                      Attorney for Claimant
                      32 Court Street - Suite 1506
                      Brooklyn, NY 11201
                      Tel. No. (718) 222-1919
                      My File No.   13,207.304

# VERIFICATION

STATE OF NEW YORK         )
                                 : SS.:

COUNTY OF *Queens*      )

**DEONICIO McKAY**; being duly sworn, depose and say:

I am Claimant herein, I have read the foregoing Notice of Claim and know the contents thereof; and the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

                                             *Deonicio McKay*
                                             DEONICIO McKAY

Sworn to before me the

26_ day of ____, 2010

Notary Public

MATTHEW A. KAUFMAN
Notary Public, State of New York
No. 02KA4723415
Qualified in Kings County
Commission Expires 12/31/____

# EXHIBIT "C"

THE CITY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**In the Matter of the Claim of**
BENJI WEBB,

                              Claimant,                                    VERIFIED NOTICE
                                                                           OF CLAIM

         -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
STEVEN RICCA (A Member of the New York City
Police Department), JOHN DOES Nos. "1" to "10"
(Actual Names Unknown, intended to be the Police
Officers Assigned to the 105th Precinct on November 2,
2009 Who Were Engaged in the Arrest of the Claimant),

                              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TO:   **THE COMPTROLLER OF THE CITY OF NEW YORK, THE NEW YORK CITY**
      **POLICE DEPARTMENT, POLICE OFFICER STEVEN RICCA (A Member of the**
      **New York City Police Department) and POLICE OFFICERS JOHN DOES Nos.**
      **"1" to "10":**

**PLEASE TAKE NOTICE,**

      **THAT,** the undersigned Claimant, BENJI WEBB hereby makes claim against:

      THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
      POLICE OFFICER STEVEN RICCA (A Member of the New York City Police
      Department) and POLICE OFFICERS JOHN DOES Nos. "1" to "10" (Actual Names
      Unknown, intended to be the Police Officers Assigned to the 105th Precinct on November
      2, 2009 Who Were Engaged in the Arrest of the Claimant)

1.    **Name and post-office address of the claimants and their attorneys are as follows:**

      BENJI WEBB
      88-24 Merrick Boulevard
      Queens, New York 11432

2.    **Nature of the Claim:**

      Claim for emotional and personal injuries sustained by the Claimant, BENJI WEBB
      arising on November 2, 2009 at approximately 5:25 p.m. as a result of Respondents

wrongful conduct, through their agents, servants and employees. Said conduct includes the wrongful arrest, seizure, assault, battery and excessive force used by the Respondent Police Officers while in the employ and service of Respondent City. Said wrongful conduct further includes false arrest, false imprisonment, malicious prosecution, abuse of process, as well as assault and battery.

Respondent City, through its agents, servants and/or employees, then forcibly stopped the Claimant, with guns drawn. After restraining the Claimant, and separating him from his vehicle, the Respondent Police Officers engaged in a full and complete search of the Claimant's vehicle. That said search of the Claimant's vehicle was unlawful and without a warrant, as well as without reasonable and probable cause, in violation of his Civil and Constitutional Rights under the 4th and 14th Amendment to the United States Constitution and New York Constitution, Article I, Section 6.

Respondent City employees, agents and/or servants all acted as police officers within the employ of Respondent City under color of law, and in wanton and reckless disregard of the Claimant's Constitutional and Civil rights, including the freedom from unlawful searches and seizures as well as freedom from excessive force, as guaranteed by the Constitution of the State of New York and the United States Constitution. Respondent Officers knew, or should have known that the Claimant was not the perpetrator of any crimes alleged against him, and they conspired to deprive the infant Claimant of his Civil and Constitutional rights in order to cover-up their own improper conduct. Respondents, through their employees, agents and/or servants, in furtherance of their conspiracy to deprive the Claimant of his Civil Rights, agreed and conspired to give false evidence against him, resulting in him being brought to Court and arraigned and falsely charged with crimes which he did not commit and Respondents knew or should have known that he did not commit. That said charges were made in order to cover-up the conduct of the Police Officers' conduct.

Respondents CITY failed to properly train Police Officers John Does Numbers "1" to "10" on proper police procedures, including how to handle warrantless arrests of individuals, conducting of show-ups, the proper use of force during an arrest, the obligation and manner to provide truthful information in police reports.

3.  **The time when, the place where and the manner in which the claim arose were as follows:**

The Claim arose November 2, 2009 at approximately 5:25 p.m. while the Claimant was on Hillside Avenue near 230th Street, Queens, New York. Respondent Police Officers arrested, assaulted, battered and used excessive force against the Claimant, Benji Webb, causing him to sustain grievous and serious, permanent physical and emotional injuries.

4.    **The items of damage or injuries claimed are (including dollar amounts):**

The Claimant, Benji Webb suffered physical and emotional injuries as a result of Respondents' conduct.

**TOTAL AMOUNT CLAIMED:**

    **BENJI WEBB**                 **ONE MILLION ($1,000,000.00) DOLLARS**

Dated: Brooklyn, New York
       January 26, 2010

                    Yours, etc.,
                    MATTHEW A. KAUFMAN, ESQ.

                    By:     Matthew A. Kaufman
                    Attorney for Claimant
                    32 Court Street - Suite 506
                    Brooklyn, NY 11201
                    Tel. No. (718) 222-1919
                    My File No.   13,207.303

# **VERIFICATION**

STATE OF NEW YORK        )

                                   : SS.:

COUNTY OF Quens     )

**BENJI WEBB,** being duly sworn, depose and say:

       I am Claimant herein, I have read the foregoing Notice of Claim and know the contents

thereof; and the same are true to my own knowledge, except as to the matters therein stated to be

alleged upon information and belief, and as to those matters I believe it to be true.

                                           BENJI WEBB

Sworn to before me the

26th day of January 2010

   Notary Public

MATTHEW A. KAUFMAN
Notary Public, State of New York
No. 02KA4723415
Qualified in Kings County
Commission Expires 12/31/201__

# EXHIBIT "D"

(CRC-3306 (10/08))

## Complaint/Information
### The People of The State of New York vs.

**Name** *(Last, First, MI)*
McKay Demico

| Street Address | | | | | | Apt. No. |
|---|---|---|---|---|---|---|
| 90-10 149 st | | | | | | |

| City | | State | Zip Code |
|---|---|---|---|
| @ Jamaica | | NY | 11435 |

| ID/License Number | State | Type/ Class | Expires *(mm/dd/yy)* | Sex |
|---|---|---|---|---|
| | | | | M |

| Date of Birth *(mm/dd/yy)* | Hgt | Wt | Eyes | Hair | Skin/Reig | | |
|---|---|---|---|---|---|---|---|
| 06/09/93 | 55 | 145 | Br | B.L | | | |

| Reg. State | Expires *(mm/dd/yy)* | Plate Type | Veh Type | Make | Year | Color |
|---|---|---|---|---|---|---|
| | | | | | | |

### The Person Described Above Is Charged as Follows:

| Time 24-Hour *(hh:mm)* | Date of Offense *(mm/dd/yy)* | | County |
|---|---|---|---|
| 6725 | 11/02/09 | | Queens |

| Place of Occurrence | | Precinct |
|---|---|---|
| EtB on Hillside Ave @ 730 st | | 105 |

| In Violation of Section | Subsection | VTL | Admin Code | Penal Law | Park Rules | Other |
|---|---|---|---|---|---|---|
| 240.20 (a) | | ☐ | ☐ | ☒ | ☐ | ☐ |

**Title of Offense:** _____ disorderly conduct

_____

at 11/10 deft right observed acting
disorderly in a public place by screaming
unreasonably his cursing a large group
to cause _____

Sprint # 00947.1

Defendant arrested in my presence *(in substance)*

_____ personally observed the commission of the offense charged therein. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of perjury.

| Complainant's Print Name/Tittled | Rank/Tittle Signature of Complainant | Date Affirmed *(mm/dd/yy)* |
|---|---|---|
| Pg Steven Ricca | Po SRR | 11/02/09 |

| Agency | Tax Registry # | Command Code |
|---|---|---|
| NYPD | 933244 | 50086 |

| The person described above is summoned to appear at NYC Criminal Court located at: | Summons Part | County |
|---|---|---|
| 120-55 Queens Blvd | AP 2 | Q |

| Date of Appearance *(mm/dd/yy)* | At 9:30 a.m. |
|---|---|
| 12/30/09 | |

**DEFENDANT'S COPY**

CRC-3206 (10/08)

# Complaint/Information

## The People of The State of New York vs.

**Name** (*Last, First, MI*)
McKay, Deonico

**Street Address** 90-10 149 st.                    **Apt. No.**

**City** Jamaica          **State** NY      **Zip Code** 11435

**ID/License Number** | **State** | **Type/ Class** | **Expires**(*mm/dd/yy*) | **Sex** M

**Date of Birth** (*mm/dd/yy*) 06/09/93 | **Ht** 5'5" | **Wt** 175 | **Eyes** Br | **Hair** BL | **Plate/Reg**

**Reg State** | **Expires** (*mm/dd/yy*) | **Plate Type** | **Veh Type** | **Make** | **Year** | **Color**

## The Person Described Above is Charged as Follows:

**Time 24 Hour** (*hh:mm*) 1725 | **Date of Offense** (*mm/dd/yy*) 11/02/09 | **County** Queens

**Place of Occurrence** E/B on Hillside Ave @ 230 st. | **Precinct** 105

**In Violation of** Section 240.20 | **Subsection** (2) | **VTL** ☐ | **Admin. Code** ☐ | **Penal Law** ☒ | **Park Rules** ☐ | **Other**

**Title of Offense:** Disorderly Conduct

**Factual Allegations** (*describe offense*):

at t/p/o deft. was observed acting disorderly in a public place by screaming unreasonably loud causing a large group to form.

Sprint # M01491

**Defendant stated in my presence** (*in substance*):

I personally observed the commission of the offense charged herein. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of law.

**Complainant's Full Name Printed** P.O. Steven Ricca | **Rank/Full Signature of Complainant** P.O. | **Date Affirmed** (*mm/dd/yy*) 11/02/09

**Agency** NYPD | **Tax Registry #** 933249 | **Command Code** 0105

The person described above is summoned to appear at NYC Criminal Court located at: 120-55 Queens Blvd. | **Summons Part** AR 2 | **County** Q

**Date of Appearance** (*mm/dd/yy*) 12/30/09 | At 9:30 a.m.

**ORIGINAL**

4400279881

☐ **Disorderly Conduct: Penal Law § 240.20**
At the time and place of occurrence indicated herein, I personally observed the defendant, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: *(select only one of the following per summons)*
  ☐[PL § 240.20(1)] engage in fighting or in violent, tumultuous or threatening behavior, to wit: *(describe specific acts or words used and manner which made them violent, etc.)*

_____

_____

_____

  ☐[PL § 240.20(5)] obstruct vehicular or pedestrian traffic, to wit: *(specify what the defendant did and the resulting obstruction)*

_____

_____

_____

  ☐[PL § 240.20(6)] congregate with other persons in a public place and refuse to comply with a lawful order of the police to disperse, to wit: *(describe both specific communication to disperse and specific actions of defendant)*

_____

_____

_____

☐ **Public Consumption of Alcohol: NYC Administrative Code § 10-125 (b)**
At the time and place of occurrence, I personally observed the defendant in possession of an open container that contained an alcoholic beverage, to wit: an open *(describe both the container and the beverage, e.g. 16 oz. can of Acme beer)*

_____

_____

know the above described container contained alcohol containing more than one-half of ne percent (.005) of alcohol by volume based upon information and belief, the source of which is as follows: *(check all that apply)*
  ☐ the label on container states that it contains alcohol consisting of more than (.005) of alcohol by volume.
  ☐ my professional training and experience as a police officer.
  ☐ the odor emanating from the container.
  ☐ my observations of the packaging which is characteristic of an alcoholic beverage.
  ☐ the defendant's statement that the substance is in fact what it is alleged to be.

  Defendant stated in my presence *(in substance)*:_____

uch possession was not while the defendant was participating in a block party, feast or milar function for which a permit had been issued.
personally observed the commission of the offense charged herein. False statements made rein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal w. Affirmed under penalty of law.

| Complainant's Full Name Printed | Rank/Full Signature of Complainant | Date Affirmed *(mm/dd/yy)* |
|---|---|---|
| O Stone/Rios | *[signature]* | 11.2.07 |

# EXHIBIT "E"

CRC-3206 (10/08)

## Complaint/Information
### The People of The State of New York vs.

**Name** *(Last, First, MI)*
Webb  Perri

**Street Address**
147-14 Merrick Blvd.
**Apt. No.** 1-A

**City** Jamaica
**State** NY
**Zip Code** 11437

**ID/License Number** 551 240 982
**State** NY
**Type/ Class** D
**Expires** *(mm/dd/yy)* 07/22/14
**Sex** M

**Date of Birth** *(mm/dd/yy)* 07/22/91
**Ht** 5'4"
**Wt** 138
**Eyes** Br
**Hair** BR
**Plate/Reg.** EUW4582

**Reg State** NY
**Expires** *(mm/dd/yy)* 09/29/14
**Plate Type** Pass
**Veh Type** 4 DSD
**Make** Nissan
**Year** 2005
**Color** Ta

### The Person Described Above is Charged as Follows:

**Time 24 Hour** *(hh:mm)* 1725
**Date of Offense** *(mm/dd/yy)* 11/02/09
**County** Queens

**Place of Occurrence** E/B on Hillside Ave @ 230 st
**Precinct** 105

**In Violation of Section** 1212
**Subsection**
**VTL** [X]
**Admin Code**
**Penal Law**
**Park Rules**
**Other**

**Title of Offense:** Reckless Driving

**Factual Allegations** *(describe offense):*
at s/d/t deft was observed driving
recklessly by refusing to yield for pedestrian
traffic causing an unreasonable danger
to the public.

Sprint # M09497

**Defendant stated in my presence** *(in substance):*

I personally observed the commission of the offense charged herein. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of law.

**Complainant's Full Name Printed** P.I. Steven Ricca
**Rank/Full Signature of Complainant** P.O.
**Date Affirmed** *(mm/dd/yy)* 11/02/09

**Agency** NYPD
**Tax Registry #** 933247
**Command Code** 0105

The person described above is summoned to appear at NYC Criminal Court located at:
120-55 Queens Blvd
**Summons Part** AR2
**County** Q

**Date of Appearance** *(mm/dd/yy)* 12/30/09
**At** 9:30 a.m.

**DEFENDANT'S COPY**